**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kelly D. Reinke,

Plaintiff,

v.

Collection and Recovery Inc.,
a Michigan corporation,
d/b/a Telecash,

Defendant.

Civil Case No. 01-444 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Eric L. Crandall, Esq., Crandall Law Office, 275 S. 3rd Street, Suite 205, Stillwater, Minnesota 55082, for Plaintiff.

---

The above-entitled matter is before the Court on Plaintiff Reinke's Motion for Default Judgment. Based upon the written submissions of counsel, the Court having reviewed the file in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff Reinke's Motion for Default Judgment (Doc. No. 6) is **GRANTED**, such that:

a. Plaintiff is awarded $500.00 in statutory damages, pursuant to 15 U.S.C. § 1692k(2)(A); and

b. Plaintiff is awarded $1,795.00 in attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(3); and

FILED SEP 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 18 2001
DEPUTY CLERK

2. Plaintiff's Amended Complaint (Doc. No. 2) is **DISMISSED WITH PREJUDICE** with respect to "Count 2: Minnesota Uniform Deceptive Trade Practices Act" and "Count 3: Declaratory and Injunctive Relief."

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 18, 2001

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Plaintiff Reinke has brought the current action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Defendant has failed to answer Plaintiff's complaint, pursuant to the Federal Rules of Civil Procedure, or to contact the Clerk of Court or this judge's chambers at any time. Accordingly, the Court finds the Defendant to be in default in all respects and that judgment shall be entered against the Defendant with respect to Plaintiff's FDCPA claim.

The Court declines, however, to enter judgment exactly as Plaintiff has requested. With respect to Plaintiff's claim of actual damages, pursuant to 15 U.S.C. § 1692k(1), the Court declines to issue judgment in Plaintiff's favor because the Court has been presented with no proof of actual damages. The only indication of actual damages suffered by the Plaintiff is contained in paragraph 11 of her affidavit where she states that "[upon receipt of the offending letter, [she] became quite upset" and feels that actual damages in the amount of $1,000 are appropriate. While the nature and extent of emotional damages are somewhat elusive aspects to establish, Plaintiff has presented nothing to the Court to illustrate her claims. Accordingly, the Court finds no basis upon which to grant actual damages in this case.

With respect to Plaintiff's request for the maximum $1,000.00 of statutory damages, pursuant to 15 U.S.C. § 1692k(2)(A), the Court declines to grant the full amount. Plaintiff's claim is based on a single letter with alleged violations of the FDCPA. While the Court is certainly conscious of the punitive objective behind the FDCPA and the prohibited effects of even a single violation of the Act, the Court does not find that the full discretionary damages are warranted based on the circumstances of this case. Accordingly, the Court will grant $500.00 of discretionary damages under 15 U.S.C. § 1692k(2)(A).

Finally, the Court declines to grant the full amount of attorney's fees and costs sought by the current motion. First, while the Court recognizes the nature and complexity of this case, the Court finds it inexcusable to be presented with such a scant record to substantiate the requested damages, fees, and costs in this case. The Court received no itemization of costs, and only received the vaguest of attorney time reports upon its *sua sponte* request at hearing. Moreover, the Court received no information against which it should review the attorney hourly rate requested in the instant case. Indeed, given the nature and complexity of the case and the documents presented to the Court, the Court finds the requested attorney's fees to be excessive.

It is the ethical responsibility of an attorney in private practice and in his representations to a Court "to make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Echerhart*, 461 U.S. 424, 434 (1983). There is no indication to the Court that was done so here. In reviewing the submissions, the Court finds that the hours submitted, particularly with respect to the drafting and revision of the Complaint, to be excessive. While the entries also include time spent on the drafting of two letters, 5.75 hours have been logged only for the drafting and revision of the Complaint. As counsel has indicated, the Complaint was derived from a form document. In reviewing the final submission

to the Court and comparing the hours to those allotted for the drafting of the documents in support of the motion for default, the Court finds counsel's request to be excessive. While the Court certainly does not make it a practice to question attorney submissions, this case has presented the Court with very little substantiation for a facially excessive fee request in a fairly routine case lacking the complexity that such hours would normally reflect. Accordingly, of the 11.6 hours recorded, the Court will approve only 8 hours at counsel's hourly rate of $200.00, for a total of $1,600.00. In addition, the Court will approve costs in the amount of $195.00. In sum, the Court approves fees and costs in the amount of $1,795.00.

D.W.F.

SEP 18 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500